**U.S. Department of Justice**
Executive Office for Immigration Review

Falls Church, Virginia 20530

Decision of the Board of Immigration Appeals

---

File: A076 130 849 – Hagerstown, MD

Date: FEB 24 2014

In re: KOFFI AMEYAPOH

IN REMOVAL PROCEEDINGS

APPEAL AND MOTION

ON BEHALF OF RESPONDENT: Pro se

The respondent, a native and citizen of Togo who was admitted to the United States as a lawful permanent resident on a conditional basis in 2000, appeals the decision of the Immigration Judge, dated September 17, 2013, denying his motion to reopen on account of lack of jurisdiction. The respondent has also filed a separate motion to reopen with this Board. We will grant the respondent's motion and dismiss his appeal as moot.

These removal proceedings were concluded when, on December 2, 2010, this Board entered a final administrative order of removal which was premised upon the respondent's September 2006 conviction for Rape in the Second Degree, Sexual Abuse of a Minor, and Sexual Offense in the Third Degree. The respondent has presented evidence that his convictions were recently vacated. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Matter of Pickering*, 23 I&N Dec. 621 (BIA 2003). In light of the lack of a response from the Department of Homeland Security ("DHS"), we will reopen these proceedings and remand for the Immigration Judge to conduct further removal proceedings as necessary in order to determine what effect, if any, should be afforded to the evidence that the respondent has been granted post-conviction relief.

In her original decision, dated February 17, 2010, and later reissued on June 14, 2010, the Immigration Judge did not address the DHS's charge that the respondent was also subject to removal from the United States as his lawful permanent resident status on a conditional basis has been terminated (Exh. 1). See section 237(a)(1)(D)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(D)(i). Such charge, if sustained, would independently establish that the respondent is subject to removal from the United States. Accordingly, the following orders are entered.

ORDER: The respondent's motion to reopen is granted and the record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and the entry of a new decision.

FURTHER ORDER: The respondent's appeal is dismissed as moot.

_____
FOR THE BOARD

AFILE-00000080

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:  A076 130 849 - Hagerstown, MD

Date: DEC - 2 2010

In re:  KOFFI AMEYAPOH

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Pro se

APPLICATION:  Termination of proceedings; continuance

The respondent, a native and citizen of Togo, appeals from the decision of the Immigration Judge, dated February 17, 2010, finding him removable as charged and ineligible for relief from removal. While there are some issues concerning the timeliness of the respondent's appeal, we consider all of the information the respondent has submitted in support of his appeal. The appeal will be dismissed.

We review the findings of fact, including determinations of credibility, made by the Immigration Judge under a "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i). We review all other issues, including whether or not the parties have met the relevant burden of proof, and issues of discretion, under a *de novo* standard. 8 C.F.R. § 1003.1(d)(3)(ii).

We affirm the decision of the Immigration Judge finding the respondent removable for having committed rape or sexual abuse of a minor, an aggravated felony as defined at section 101(a)(43)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(A). The respondent acknowledges that his conviction after trial by jury was affirmed on appeal by the Maryland courts. He contends, however, that the conviction is not final because he has filed a motion for post-conviction relief and that he has been granted a continuance for a hearing on that motion. The pendency of a post-conviction motion does not alter the finality of the conviction for immigration purposes. *See Matter of Onyido*, 22 I&N Dec. 552 (BIA 1999). Further, while the respondent mentions the lack of an attorney, he was offered a continuance to obtain representation and elected to proceed pro se (Tr. at 9-11). The apparent error in the Notice to Appear at allegation number 5 (Exh. 1), has no bearing on the respondent's deportability as an aggravated felon. These and the various other arguments mentioned in the appeal lack merit and we will, therefore, dismiss the appeal.

ORDER: The appeal is dismissed.

FOR THE BOARD

AFILE-00000082



Executive Office for Immigration Review

Board of Immigration Appeals
Office of the Clerk

5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041

AMEYAPOH, KOFFI
INMATE #: 338624 (A#076-130-849)
INMATE HOUSING: MCH
MCI 18601 ROXBURY RD
HAGERSTOWN, MD 21746

DHS/ICE Office of Chief Counsel - BAL
31 Hopkins Plaza, Room 1600
Baltimore, MD 21201

Name: AMEYAPOH, KOFFI

A076-130-849

Date of this notice: 12/2/2010

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Donna Carr
Chief Clerk

Enclosure

Panel Members:
  Grant, Edward R.



ACTION COMPLETED
APPROVED FOR FILING
Initials: TC  Date: 12-0-10
BAL/LITIGATION

Scanned into GEMS

AFILE-00000083